IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDSAY BOMBALSKI,

        Plaintiff,                          Civil No. 13-01653
                                              **ELECTRONICALLY FILED**

        v.

LANXESS CORPORATION,

        Defendant.

**MEMORANDUM ORDER**
**RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 12)**

I. **Introduction**

Presently before the Court is a Motion to Dismiss filed by Defendant Lanxess Corporation ("Defendant") in response to allegations of Sexual Harassment/Hostile Work Environment (Count I) and Employment Retaliation (Count II). Doc. No. 12. Defendant contends that Plaintiff Lindsay Bombalski ("Plaintiff") insufficiently pled facts that would entitle her to relief and that both counts should be dismissed. For the following reasons, Defendant's Motion to Dismiss (Doc. No. 12) will be DENIED.

II. **Factual Background and Procedural History**

In ruling on a Motion to Dismiss, the Court must consider all factual allegations in the Complaint to be true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The facts of this case, solely for the purposes of this Memorandum Order, are as follows:

Plaintiff was employed by Defendant as a temporary employee beginning in September of 2010. Amended Complaint, Doc. No. 10, ¶¶ 1, 5. She was hired by Defendant through the Belcan Agency on a six month assignment, which was extended due to the quality of her work. *Id.* ¶ 6. Plaintiff holds a doctorate degree from Carnegie Mellon University in

Chemistry/Polymer Physics and worked in Defendant's Product Safety and Regulatory Affairs Department. *Id.* at ¶¶ 4, 5. Her supervisor was Sue Van Volkenburg ("Van Volkenburg"). *Id.* at ¶ 7.

On June 16, 2011, Van Volkenburg called Plaintiff into her office and told her that "her body was offensive to someone at work and although her clothing did not violate the Defendant's dress code, her breasts were too large for her attire." Id. at ¶ 8. Van Volkenberg also told Plaintiff that "she had smaller breasts than Plaintiff" and could not wear what Plaintiff wore. Id. at ¶ 9.[1] Plaintiff was told she should no longer wear the offending outfit at work, as Defendant was a conservative company. Id. at ¶ 10. Despite her requests, Van Volkenburg did not share with Plaintiff any specific details about the complaint or the colleague who shared it. Id. at ¶¶ 11, 14. Other employees at Defendant frequently violate the dress code without any warning or repercussion. Id. at ¶ 14.

After Plaintiff's conversation with Van Volkenburg, Plaintiff repeatedly requested an apology from her for "making her feel like a physical object at work." Id. at ¶ 15. Plaintiff also repeatedly requested that Van Volkenburg require those who made comments apologize to Plaintiff "for making her feel like a physical object at work." Id. at ¶ 16. Defendant did not entertain either of Plaintiff's requests. Id. at ¶ 17.

For fear that she would be terminated from Defendant for reporting sexual harassment, Plaintiff reported the conversation with Van Volkenburg to the Belcan Agency Human Relations Department, who in turn reported the incident to Defendant. Id. at ¶ 19. Plaintiff was promised that Defendant would take no further actions against her. Id. at ¶ 20.

Plaintiff claims that the Defendant's failure to issue an apology caused her to fear future

---

[1] In its Brief in Support of the Motion to Dismiss, Defendant neglects to mention the allegation that Plaintiff's supervisor made a comment comparing breast size, which is undoubtedly a key allegation to Plaintiff's claims.

sexual harassment and constituted "additional worries and concerns . . . about who was looking at her inappropriately in the workplace."  Id. at ¶ 32.

Plaintiff later applied for a permanent position with Defendant, but her employment was terminated several days later.  Id. at ¶ 21.  Plaintiff avers that she was "terminated after she raised allegations of harassment which Defendant was made aware of prior to her termination."  Id. at ¶ 22.  Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") on August 18, 2011, and she received a Right to Sue letter from the EEOC on August 22, 2013.  Doc. No. 1, ¶ 24.

Defendant contends that the above facts do not support a claim for sexual harassment/hostile work environment under Title VII of the Civil Rights Act of 1964 or the Pennsylvania Human Relations Act and moves this Court to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III.     Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading.  Federal Rule of Civil procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 672 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S. Ct. [at 1947.]  Second, the court should identify allegations that,

"because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; see also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## IV. Discussion

### A. *Count I – Hostile Work Environment and Sexual Harassment*

Defendant moves this Court to dismiss Plaintiff's claim of Hostile Work Environment and Sexual Harassment (Count I) because Plaintiff has not advanced sufficient factual allegations to support her claim. To support such claims, Plaintiff must plead that: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was severe or pervasive;[2] (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in her position; and (5) the existence of *respondeat superior* liability. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004).

Specifically, Defendant argues that Plaintiff has not established the second and fourth elements of a proper claim of hostile work environment and sexual harassment. With respect to

---

[2]In 2006, the United States Court of Appeals for the Third Circuit adopted the "severe *or* pervasive standard." *Ryliskis v. Uniontown Area Hosp.*, 2003 WL 6328733 (W.D. Pa. 2013), *quoting Jensen v. Potter*, 435 F.3d 44, 449 n. 3 (3d Cir. 2006), overruled in part on other grounds by *Burlington N. & Santa Fe Ry. Co., v. White*, 548 U.S. 53 (2006).

4

the fourth element, Defendant argues that Plaintiff failed to establish that discrimination would detrimentally affect a reasonable person in her position. Defendant moves this Court to dismiss Count One because a "supervisor advising a subordinate that her coworkers found her outfit to be too revealing cannot objectively be characterized as abusive or offensive." Doc. No. 7, 6.

In her Complaint, Plantiff alleges that the "actions of Defendant were so intolerable that a reasonable person subjected to them would consider it to be sexual harassment." Doc. No. 10, ¶ 36.

While objective workplace discipline may seldom rise to the level of sexual harassment, Plaintiff has alleged more than routine discipline, including specific comments made about her breasts ("Van Volkenburg… told her that… her breasts were too large for her attire") and disciplinarian's own breasts ("Van Volkenburg even went so far as to state that she had smaller breasts than Plaintiff…"). *Id.* at ¶¶ 8, 9. As a workplace supervisor at Defendant Corporation, Van Volkenburg was within her authority to address disciplinary concerns with her employees in an appropriate manner. The facts pled, however, are sufficient to show that Plaintiff's interaction with Van Volkenburg was not merely a routine disciplinary conversation. Instead, discovery may reveal that Van Volkenburg's conduct and insensitive choice of language may be nearer to harassment than discipline. Thus, Defendant's arguments with respect to the fourth element are without merit, as Plaintiff sufficiently alleges that Defendant's conduct may detrimentally affect a reasonable person in Plaintiff's situation.

Defendant also argues that Plaintiff failed to satisfy the second element, which requires that the harassment be severe or pervasive. In order to establish that element, Defendant argues that Plaintiff must allege more than a single instance of alleged harassment. *See Davis v. City of Newark*, 285 Fed. Appx. 899, 901-03 (3d Cir. 2008) (granting motion to dismiss and holding that

ten incidents of alleged inappropriate racially-motivated harassment over a ten-year period was not sufficiently severe or pervasive). However, a single incident can create a hostile work environment if it is sufficiently severe. *Killen v. Northwestern Human Services, Inc.*, 2007 WL 2684541 (E.D. Pa. 2007) (citing *Moring v. Ark. Dep't of Corr*., 243 F.3d 452, 456-57 (8th Cir. 2001)). Indeed, the United States Supreme Court set forth in the landmark case of *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-788 (1998) that an isolated incident which is "extremely serious" can constitute a hostile work environment. See *Capilli v. Nicomatic L.P.,* 2008 WL 4140398 (E.D. Pa. 2008) (granting summary judgment on hostile work environment claim, finding that it was a "single, racially charged, highly inappropriate attempt at humor," and comparing/contrasting *Killen* and *Moring*); See also *Lawrence v. F.C. Kerbeck & Sons*, 134 Fed. Appx. 570 (3d Cir. 2005). This Court emphasizes, however, that such a fact intensive determination ordinarily occurs at the summary judgment stage of the proceedings.

Plaintiff alleges that, following her conversation with Van Volkenburg, she was left "to continue to worry about who was looking at her inappropriately throughout the remainder of her tenure with Defendant." Doc. No. 10, ¶ 31. Fear of future conduct "remain[ed] in the mind of Plaintiff for over thirty days." *Id.* at ¶ 32.

To reiterate, "for sexual harassment to be actionable, it must be sufficiently severe <u>or</u> pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Pennsylvania State Police v. Suders*, 542 U.S. at 147 *quoting Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986), *citing Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982) (emphasis added).

The Court finds that the allegations regarding supervisory comments made comparing breast sizes and the related disciplinary comments pass the pleading standard, because these

allegations "plausibly give rise to an entitlement of relief." *Estabrook v. Safety and Ecology Corp.*, 2001 WL 702355 (3d Cir. N.J. 2014) *citing Iqbal*, 556 U.S. at 679. These allegations, as least in the context of a motion to dismiss, are sufficiently severe enough to detrimentally affect a reasonable person in Plaintiff's position.

Plaintiff has adequately pled each of the five elements in order to set forth a viable claim for Sexual Harassment/Hostile Work Environment. Therefore, Defendant's Motion to Dismiss with respect to Count One will be DENIED.

### *B. Count II – Employment Retaliation and Wrongful Discharge for Reporting Sexual Harassment*

Defendant moves to dismiss Plaintiff's claim of Employment Retaliation – Wrongful Discharge for Reporting Sexual Harassment (Count II) because Plaintiff fails to plead that she engaged in an activity that is protected by Title VII.

In order to sustain a claim of employment discrimination, a plaintiff must plead that: (1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000).

Specifically, Defendant argues that, by failing to show that she was engaged in a protected employment activity, Plaintiff did not sufficiently pled the first of the three elements. Doc. No. 13, 7-8. Defendant further argues that Plaintiff's single conversation with Van Volkenburg lacked the severity required to sustain Plaintiff's complaint. Id.

However, Defendant misinterprets Plaintiff's claim. Plaintiff alleges that she was fired "after she had reported allegations of sexual harassment to her manager commenting on the size of her breasts, her clothing, and her body." Doc. No. 10, ¶ 45. It is Plaintiff's contention that

she was fired due to this reporting. Id. at ¶ 46. Title VII recognizes as unlawful the discrimination against employees for making charges against the employer. 42 U.S.C.A. § 2000e-3 ("It shall be unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge . . . ."). Regardless of her actual or purported concerns at the time of reporting, Plaintiff was engaged in a protected activity under Title VII when she "reported [Van Volkenberg's] inappropriate conduct to the Belcan Human Relations Department." Doc. No. 10, ¶ 19. Plaintiff's concern that she may be terminated is irrelevant to the evaluation of whether or not her reporting of workplace harassment is protected under Title VII.

In support of its Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 13), Defendant notes that the standard for evaluating whether an activity is protected by Title VII is if any person "could reasonably believe that the incident recounted [by the plaintiff] violated Title VII." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001). Though Defendant argues that no reasonable person could find that Plaintiff's reporting and subsequent termination violated Title VII, this Court must disagree. By plain reading, the law protects employees from retaliation for reporting a charge. Further, the purpose of this provision is to offer sufficient protection to employees in an effort to encourage them to report inappropriate behavior. Plaintiff acted in accordance with that purpose. The benefit of discovery will offer Plaintiff the opportunity to bolster her position that reporting harassment was both protected by Title VII and the cause for her termination.

Because discovery may lead to evidence that Plaintiff was engaged in a protected activity under Title VII of the Civil Rights Act when she reported sexual harassment to Belcan Human Relations Agency and because Defendant contests no other elements of her claim,

Plaintiff has sufficiently pled her claim of Employment Retaliation and Wrongful Discharge. Therefore, Defendant's Motion to Dismiss with respect to Count Two will be DENIED.

V. **Order**

AND NOW, this 11th day of March, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (Doc. No. 12) is **DENIED,** without prejudice to filing a motion for summary judgment at the appropriate time following discovery.

                                                                  s/ Arthur J. Schwab
                                                                  Arthur J. Schwab
                                                                  United States District Judge

cc:      All Registered ECF Counsel and Parties